Name *gabriel hernandez*

Address *KERN VALLEY STATE PRISON*

*P.O. Box 5103*

*DELANO, CA 93216*

CDC or ID Number *F-16381*    *F-16381*

*UNITED STATES DISTRICT COURT*

*NORTHERN DISTRICT OF CALIFORNIA*
(Court)

# E-filing

**SI**

*gabriel hernandez*
Petitioner

vs.

*THE PEOPLE OF THE STATE OF*
Respondent *CALIFORNIA*

**PETITION FOR WRIT OF HABEAS CORPUS**

**CV 08 4085**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.Forms*Workflow*.com

MC–275

**This petition concerns:**

☒ A conviction ☐ Parole

☒ A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

☐ Other *(specify):*

1. Your name: *Gabriel Hernandez*

2. Where are you incarcerated? *Kern Valley State Prison, P.O. Box 5103, Delano Ca 93216*

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*ONE COUNT, of inflicting corporal injury upon mother of child. ONE COUNT, of false imprisonment.*

b. Penal or other code sections: *273.5(a), 236-237*

c. Name and location of sentencing or committing court: *COUNTY OF SANTA CLARA SUPERIOR COURT OF CALIFORNIA*

d. Case number: *CC 332602*

e. Date convicted or committed: *November 15, 2005*

f. Date sentenced: *February 1, 2006*

g. Length of sentence: *25 years to life*

h. When do you expect to be released? *(A.S.A.P.) AS SOON AS POSSIBLE!*

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

*Panteha Ebrahimi, from the office of the Public Defender. 120 West Mission St, San Jose, California 95110*

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury ☒ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

*Note: Jury trial was on Current charges. Allegations of "PRIOR STRIKES" were heard by Judge without a jury.*

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

*SEE, "ATTACHMENT" - A*

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

*SEE, "ATTACHMENT" - A*

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

*SEE, "ATTACHMENT" - A*

**PETITION FOR WRIT OF HABEAS CORPUS**

7. **Ground 2 or Ground _____** *(if applicable):*                    MC–275

*SEE, "ATTACHMENT - B*

a. Supporting facts:

*SEE "ATTACHMENT - B"*

b. Supporting cases, rules, or other authority:

*SEE, "ATTACHMENT - B*

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

*COURT OF APPEAL OF THE STATE OF CALIFORNIA SIXTH APPELLANT DISTRICT*

b. Result *JUDGMENT AFFIRMED*     c. Date of decision: *FEBRUARY 22, 2007*

d. Case number or citation of opinion, if known: *H029863*

e. Issues raised: (1) *SEE "ATTACHMENTS" (1-4)*     (4) " " " " "

   (2)  "    "    "  "     (5) " " " " "

   (3) "   "    "   "     (6) " " " " "
                          (7) " " " " "

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

*GERALD T. MILLER, P.O. Box 432, AGOURA HILLS, CA 91376*

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No. If yes, give the following information:

a. Result *PETITION FOR REVIEW is DENIED*     b. Date of decision: *MAY 23, 2007*

c. Case number or citation of opinion, if known: *S 151283*

d. Issues raised: (1) *SEE "ATTACHMENTS" (5-7)*     (4) — " " " "

   (2) "   "    "    "     (5) " " " " "

   (3) "   "    "   "     (6) " " " " "

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: *BECAUSE ATTORNEY GERALD MILLER, SAID "A*

*PETITION FOR REVIEW TO THE SUPREME COURT CAN ONLY BE BASED ON MATTERS*

*OCCURING DURING TRIAL AND REFLECTED IN THE RECORD", AND MY CLAIMS "DO NOT*

*APPEAR TO BE THE CASE HERE".*

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.

Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC–275** commitment, or **issue** in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _SUPERIOR COURT OF CALIFORNIA, STATE OF CALIFORNIA_

    (2) Nature of proceeding (for example, "habeas corpus petition"): _COMPLAINT_

    (3) Issues raised: (a) _EIGHTH AMENDMENT PROTECTION FROM PHYSICAL BRUTALITY: WHILE A PRETRIAL DETAINEE._

    (b) _RIGHT TO MEDICAL CARE: DELIBERATE INDIFFERENCE._

    (c) _RIGHTS OF PRETRIAL DETAINEE._
    (4) Result (Attach order or explain why unavailable): _SEE "ATTACHMENTS" B - 12_

    (5) Date of decision: _4.03.07 AND 4.24.07_

  b. (1) Name of court: _UNITED STATES DISTRICT COURT NORTHERN DIST. OF CALIFORNIA_

    (2) Nature of proceeding: _COMPLAINT_

    (3) Issues raised: (a) _PROTECTION FROM PHYSICAL BRUTALITY_

    (b) _RIGHT TO MEDICAL CARE: DELIBERATE INDIFFERENCE_
    (c) _RIGHTS OF PRETRIAL DETAINEE_
    (4) Result (Attach order or explain why unavailable): _SEE "ATTACHMENTS" 13 -26_

    (5) Date of decision: _4.02.07 AND 7.01.08_

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

    _NA_

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

    _PRO-PER INMATE, IS DENIED ADEQUATE ACCESS TO, LAW LIBRARY, RESEARCH MATERIAL, LEGAL MATERIAL, TO PROPERLY PREPARE PETITIONS AND A DEFENSE._

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes.  ☐ No. If yes, explain:

    _A PENDING COMPLAINT IS, "ORDER OF SERVICE", SEE "ATTACHMENTS" - 21 -26 ._

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: _THE PETITIONER IS NEAR THE (AEDPA) STATUE OF LIMITATION OF (1) YEAR PLUS (90) DAYS FOR FINALITY. PETITIONER HOPES THE COURTS WILL TOLL THE FEDERAL WRIT OF HABEAS CORPUS WHILE PETITIONER FILES FOR REVIEW ON ADDITIONAL CLAIMS IN STATE COURT._

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _AUGUST 18, 2008_
_8.18.2008_

▶ _Hobt HC._
                 (SIGNATURE OF PETITIONER)

"ATTACHMENT" A    (1-3) pg.

ATTACHMENT A

GROUND ONE
SELECTIVE PROSECUTION

4    THE PETITIONER WAS CONVICTED AS THE
5    RESULT OF AN UNCONSTITUTIONALLY SELECTIVE
6    PROSECUTION. THIS VIOLATED PETITIONERS RIGHT
7    TO COUNSEL AND TO DUE PROCESS OF LAW, AS
8    GUARANTEED BY AMENDMENTS 5, ND 14 TO
9    THE U.S. CONSTITUTION. SEE U.S. V. ARMSTRONG,
10    517 U.S. 456 (1996).

12    DURING THE PRETRIAL STAGES OF DEFENDANTS
13    TRIAL, THE DEFENDANT hernandez, PETITIONER
14    DISMISSED HIS, THEN "PAYED PRIVATE ATTORNEY"
15    PATRICK VALENCIA, FROM HAVING ANY FURTHER
16    DEALINGS WITH DEFENDANT, OR HIS CASE.
17    THE REASON, FOR WHICH PATRICK VALENCIA, WAS
18    DISMISSED FROM FURTHER REPRESENTING PETITIONER
19    AS COUNSEL, WAS DUE TO ATTORNEY PATRICK VALENCIA,
20    "PREJUDICE CONDUCT" TOWARDS THE DEFENDANT, AS
21    WELL AS, ATTORNEY PATRICK VALENCIA, (COERCING)
22    THREATENING, PRESSURING, INTIMIDATING, THE
23    DEFENDANT, PETITIONER. "IN AN EFFORT TO FORCE
24    DEFENDANT INTO COPPING OUT, TO A TWO YEAR"
25    PLEAD BARGAIN"..... SEE, "AT PG 22 LN 28, PG 23
26    LN 1-25", EXHIBIT-1,A.
27    FOLLOWING THE DISMISSAL OF ATTORNEY PATRICK
28    VALENCIA, THE HONORABLE JUDGE SHARON ANN

1 OF 3

1  CHATMAN, FROM THE COUNTY OF SANTA CLARA AND
2  IN DEPT. 46, GAVE AN "ORDER" FOR PUBLIC DEFENDER
3  LOPEZ, OR DAVIS, FROM THE PUBLIC DEFENDERS
4  OFFICE, TO BEGAN REPRESENTING THE DEFENDANT,
5  PETITIONER DURING HIS TRIAL. SEE, "COURT ORDERS".
6  EXHIBITS-3, 4, 5.
7  THE ORIGINAL "ORDER" BY, THE HONORABLE JUDGE
8  SHARON ANN CHATMAN, "NEVER OCCURED" AND THE
9  "ORDER" ON RECORD "FOR PUBLIC DEFENDER LOPEZ, OR
10 DAVIS, TO BEGAN REPRESENTING THE PETITIONER AT
11 TRIAL, WAS NOT CORRECTED.
12 HOWEVER, A PUBLIC DEFENDER PENITEHA EBRAHIMI,
13 FROM THE PUBLIC DEFENDERS OFFICE, IN SANTA CLARA
14 COUNTY, WAS MYSTERIOUSLY ALLOWED TO REPRESENT
15 THE (DEFENDANT) PETITIONER. EVEN AFTER DEFENDANT
16 IMMEDIATELY BEGAN EXPERIENCING, "INAPROPRIAT
17 COUNSEL, DELIBERATE MISREPRESENTATION, AND
18 DELIBERATE INDIFFERENCE, AS WELL AS COERCION.
19 BY COUNSEL PENITEHA EBRAHIMI, IN THE EFFORT
20 TO CONVINCE DEFENDANT TO COP OUT TO A PLEAD
21 BARGAIN (AS DID DEFENDANTS PAST ATTORNEY)
22 THE PUBLIC DEFENDER PENITEHA EBRAHIMI, ALSO
23 CLAIMED TO BE ASSIGNED TO REPRESENT THE
24 DEFENDANT ON, JULY 18, 2008 AS WELL, AS "CLAIMED,
25 MR. VALENCIA WITHDREW AS COUNSEL. SEE, "RT Pg
26 27 IN 17-18." EXHIBIT-6. BUT THE "CLAIM" BY
27 COUNSEL MS. EBRAHIMI, THAT MR. VALENCIA,
28 WITHDREW AS COUNSEL, DID NOT PREVENT HER FROM

2 OF 3

1    RELYING ON MR. VALENCIA, FROM "GUIDING AND
2    FORMULATING A DEFENSE IN THIS CASE". SEE, "RT
3    PG 36 LN 3-5". EXHIBIT - 7

4    IT IS ALSO TRUE THAT DURING AN "MARSDEN
5    HEARING "ON, NOVEMBER 2, 2005, MOTION TO
6    APPOINT NEW COUNSEL BY THE HONORABLE
7    JUDGE SHARON ANN CHATMAN, STATING "MS.
8    EBRAHIMI, WAS THE PUBLIC DEFENDER WHO WAS
9    ASSIGNED TO YOUR CASE". THEN THE (JUDGE)
10   QUESTIONED HER ORDER, BY saying "How SHE
11   BELIEVED EBRAHIMI, WAS APPOINTED".
12   BUT NOT BEFORE STATING How SHE (JUDGE)
13   "WANTED TO GET A FLAVOR OF WHERE DEFEND -
14   ANT WAS MENTALLY, AS DEFENDANT CAME
15   INTO THE CASE WITH MS. EBRAHIMI." SEE, "RT
16   PG 23 LN 27,28. PG 24 LN 1, 7, 8, 16, 17, EXHIBIT -
17   2, 8.

18   THE HONORABLE JUDGE SHARON ANN CHATMAN,
19   DEPT. 46, AND THE HONORABLE RODNEY J.
20   STAFFORD, DEPT. 36. HEARD MARSDEN MOTIONS
21   AND BOTH JUDGES, SADLEY DENIED PETITIONERS
22   PLEA FOR NEW APPOINTED COUNSEL.
23   SEE, MOTION FILED BEFORE (JUDGE) RODNEY J.
24   STAFFORD, ON 11:09.05, EXHIBIT - 9 (A-F).
25
26
27
28

3 OF 3

# EXHIBIT

\# / -2

1  her the last initial time and I hung up on her. And I'm

2  sorry, but I hung up on her because it was getting out of

3  hand once again, and I just figured there's no point.

4          THE COURT:  Why did you hang up on her?

5          THE DEFENDANT:  Because she was telling me that my

6  witnesses didn't matter, that they -- I'm not going to

7  interview them.

8          THE COURT:  Anything else, Mr. Hernandez?

9          THE DEFENDANT:  She told me I would lose the case,

10  that I should have taken the deal that was offered.  She's

11  accused me of being paranoid and accusing everybody out to

12  get me.  I just think it's way -- I think she's off track

13  as to what she's doing for me.  And I just don't think that

14  she's out to help me or at least find the truth.

15          THE COURT:  Is there anything else?

16          THE DEFENDANT:  No.  That's it.

17          THE COURT:  Let me just review what you're trying

18  to share with me is that you've talked a little bit about

19  being frustrated overall in terms of -- in terms of the

20  cases that you had and what appears to you to be pressured

21  by your attorneys who represent you and trying to make you

22  take deals.  And you've done that, and it's primarily out

23  of fear because of the fact that if you don't take the

24  deal, then something worse can happen.  And you felt the

25  attorneys pressured you into doing that.  Would that be

26  accurate?

27          THE DEFENDANT:  Yes.

28          THE COURT:  And you've also felt, and one of the

1    reasons why you fired Mr. Valencia -- and I had you guys
2    for about a year -- and he was trying to pressure you to do
3    the same thing?
4                THE DEFENDANT:  Yes.
5                THE COURT:  And you have said from the very
6    beginning to Mr. Valencia and to subsequent attorneys that
7    you wanted to tell you're story, you wanted the truth to
8    get out, and Mr. Valencia kept pressuring you to take the
9    two year deal.  Would that be accurate also?
10               THE DEFENDANT:  Yes.  Can I say one more thing
11   right there?
12               THE COURT:  Sure.  Go ahead.
13               THE DEFENDANT:  He wanted more money and he argued
14   me and he threatened me, you're facing three strikes,
15   you're facing 25 years, your life is in my hands, you know,
16   that right.  And we were right here in this courtroom.  And
17   he pointed at me right here and he scared the living crap
18   out of me.  This is when I won't take the two years and
19   before it was a three strikes case, Ms. Chatman.
20               THE COURT:  Yes.
21               THE DEFENDANT:  He did this and when I couldn't
22   give him no more money and I told him my family had no more
23   money, all of a sudden this turns into three strikes.  And
24   here I've been fighting ever since and just constant fear.
25   So, yeah, that's also some of the reason why I fired him.
26               THE COURT:  Okay.  All right.  I just wanted --
27   he's not part of this Marsden, but I wanted to get a flavor
28   of where you were mentally as you came into the case with

# EXHIBIT

# 3 - 5

3 OF 14

| | | DATE | DEPT. |
|---|---|---|---|
| OPLE VS. GABRIEL HERNANDEZ | | | |
| .A. | | CLERK | |
| | | HEARING | ORDER OF COURT |
| DGE HON. SANDRA L. CHRETIEN | | AGENCY | |
| PORTER | | STATUS | TW |
| F. ATTY. | D.A. | APO | SUPPL |
| ARGES | | | |

F-F
KAS!
✗ vacate

**NEXT APPEARANCE** _7-15, 9:01 14/c_ _7-15, 8:30 N/C_

☑ Defendant Present ☐ Not Present    ☑ Atty Present _____ AD / PD / Legal Aide / Special App
☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend Comp/Info/ ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☐ Prob / Sent    ☐ Interpreter _____ ☐ Sworn
☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR/ ERC    ☐ Bail Apply ☐ Balance Exonerated
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv    ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC    ☑ Bail Exonerated ☐ Forfeited    Bond #_____
☐ Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury    ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein
☐ TW ☐ TNW ☐ TW / WD ☐ TW Sentence    ☐ Ref'd    ☐ $_____ Costs Within 30 Days to Court
☐ Rel / Appt PD / JAD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 38    ☐ P36 Re-Assm't    ☐ SORP / OR ☑ Revoked ☐ Reinstated ☐ May Post & Forfeit
☐ Relieved _____ Appt'd    ☐ Crim Proc Susp ☐ Rein    ☐ BW Ordered $_____ ☐ Stayed ☐ To Issue
☐ Hrg on Motion _____    ☐ Doubt Decl Pursuant PC 1368    ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only
☐ Granted ☐ Denied ☐ Submitted ☐ Off Cal    ☐ Subm on Report ☐ Found _____    ☐ BW Set Aside ☐ Recalled ☐ Filed
☐ Stip to Comm ☐ Drs. Appointed _____    ☐ Max Term _____ ☐ Committed _____    ☐ Proof of _____
☐ Prelim Wav ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____
☐ Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ DA Stmt Filed  Other: _____    ☐ Add to Cal
**PLEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____
☐ Jail / Prison Term of _____
☐ Dismissal / Striking _____    ☐ Subm time of Sent ☐ Harvey Stip _____
☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666
☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena /.Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed
☐ COP ☐ GUILTY ☐ NOLO CONTENDERE to charges & admits enhancements / allegations / priors ☐ PC17 ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated
☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term   Fee $_____ ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**    **FINES/FEES: PAY TO** ☐ Ref to DOR ☐ COURT ☐ TODAY
☐ Sentenced to _____ State Prison/County Jail ☐ Sent Suspended _____    COUNT___ $_____ + PA $_____ ☐ Purs HS11350d
**PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT___ $_____ + PA $_____
☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs    AIDS / CPP  $_____ + PA $_____
☐ Report to APO within _____ Days ☐ Terminated ☐ Upon Release    DPF  $_____ + PA $_____
☐ Perform _____ Hrs Volunteer Work as directed PO / SAP / CAP ☐ in lieu of fine    LAB  $_____ + PA $_____
☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP    DRF /RF  $_____ Add'l RF $_____ Susp'd PC1202.45
☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos  Enroll within _____ days    AEF  $_____ Original Fine $_____
☐ DL Susp/ Restr'd/ Rvk'd for _____ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App    SECA  $_____ **CTS PC2900.5**  $_____
☐ IID Not/Ordered/ Rmv'd Term _____ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed    NC  $_____ **TOTAL DUE**  $_____
☐ No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05    ASF /CPF  $_____ Payments Granted / Modified
☐ DVPO issued / mod /term'd Exp _____ ☐ Victim Present    AR  $_____ $_____ / Mo beginning _____
☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon _____    SHELTER  $_____ FINE STAYED _____
☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold    DV  $_____ Committed @ $_____/day ☐ May Pay Out
☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft  cnsl / prgm    ATTY  $_____ Consec/Conc to _____
☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education    $_____ Fine / Fees ☐ Deemed Satisfied ☐ Commuted
**OP:** ☐ Wav ☐ Arr'd _____ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP    P/INVEST  $_____ ☐ P/SUP $_____ /Mo ☐ Waived
rob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to _____    CJAF ☐  $ 207.55
☐ Original Terms & Conditions Except as Amended herein    ☐ Restitution $_____ to _____
☐ Co-terminous with _____ ☐ No Further Penalties / Reviews ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly
**AIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons    County Jail

| :ount | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

**TS =** _____ **ACT +** _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS _____ TOTAL TERM _____
☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec _____ All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP _____
☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
Bal CJ Susp ☐ All but _____ Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU _____
☐ Pre-process _____ AM/PM ☐ **Stay / Surrender / Transport to** _____ @ _____ AM/PM or Sooner
☐ REMANDED-BAIL $_____ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED
**ROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
Y _____ **DEFENDANT**

MUNI MUNICIPAL COURT

CASE NO.

SUN JOSE, CA 951

OPLE VS.    DATE    07/15/2008    9:00 am    DEPT. 46

.A.    GABRIEL HERNANDEZ    10/21/1970 CLERK

6252    CATAMARAN ST    CLERK    WILLIAM STEPHENS

SAN JOSE    CA 95131    HEARING    PRETRIAL CONFERENCE

DGE    HON. SHARON ANN CHATMAN    AGENCY    DA-CONF-SUA    CALL SUPA

PORTER    S. GUTHRIE/W. HER    STATUS    E-SET #25007/C    TW

F. ATTY.    PUBLIC DEFENDER    D.A.    APO    SUPD. F614

ARGES    F(00) /PC273.5(A)    F(00) PC200 /237    VIOLATION DATE    03/15/2008

**NEXT APPEARANCE**

☑ Defendant Present ☐ Not Present    ☑ Atty Present ___ ☐ AD / PD / Legal Aide / Special App

☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend Comp/Info ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☐ Prob / Sent    ☐ Interpreter _____ ☐ Sworn

☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☑ FAR/ ERC    ☐ Bail Apply ☐ Balance Exonerated

☐ NG ☐ Entered by CRT ☐ NGBRI / Adv    ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC    ☐ Bail Exonerated ☐ Forfeited    Bond #_____

☐ Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury    ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein

☐ TW ☐ TNW ☐ TW / WD ☐ TW Sentence    ☐ Ref'd _____    ☐ $_____ Costs Within 30 Days to Court

☐ Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 36    ☐ P36 Re-Assm't    SORP / OR ☐ Revoked ☐ Reinstated ☐ May Post & Forfeit

☐ _____Relieved_____Appt'd    ☐ Crim Proc Susp ☐ Rein    ☐ BW Ordered $_____ ☐ Stayed ☐ To Issue

☐ Hrg on Motion _____    ☐ Doubt Decl Pursuant PC 1368    ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only

☐ Granted ☐ Denied ☐ Submitted ☐ Off Cal    ☐ Subm on Report ☐ Found _____    ☐ BW Set Aside ☐ Recalled ☐ Filed

☐ Stip to Comm ☐ Drs. Appointed _____    ☐ Max Term _____ ☐ Committed _____    ☐ Proof of _____

☐ Prelim Wav ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____

☐ Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ DA Stmt Filed  Other: _____

**PLEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____ ☐ Add to Cal

☐ Jail / Prison Term of _____

☐ Dismissal / Striking _____    ☐ Subm time of Sent ☐ Harvey Stip

☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666

☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed

☐ COP ☐ GUILTY ☐ NOLO CONTENDERE to charges & admits enhancements / allegations / priors ☐ **PC17** ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated

☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term  Fee $_____ ☐ Guilty Plea Rendered

☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**    **FINES/FEES: PAY TO** ☐ Ref to DOR ☐ COURT ☐ TODAY

☐ Sentenced to _____State Prison/County Jail ☐ Sent Suspended _____    COUNT_____ $_____ + PA $_____ ☐ Purs HS11350d

**PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT_____ $_____ + PA $_____

☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs    AIDS / CPP $_____ + PA $_____

☐ Report to APO within _____ Days ☐ Terminated ☐ Upon Release    DPF    $_____ + PA $_____

☐ Perform_____Hrs Volunteer Work as directed PO / SAP / CAP ☐ in lieu of fine    LAB    $_____ + PA $_____

☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP    DRF /RF    $_____ Add'l RF $_____ Susp'd PC1202.45

☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos  Enroll within _____ days    AEF    $_____ Original Fine $_____

☐ DL Susp/ Restr'd/ Rvk'd for _____ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App    SECA    $_____ **CTS PC2900.5**  $_____

☐ IID Not/Ordered/ Rmv'd Term _____ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed    NC    $_____ **TOTAL DUE**    $_____

☐ No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05    ASF /CPF    $_____ Payments Granted / Modified

☐ DVPO issued / mod /term'd Exp _____ ☐ Victim Present    AR    $_____ $_____ / Mo beginning _____

☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon_____    SHELTER    $_____ FINE STAYED _____

☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold    DV    $_____ Committed @ $_____/day ☐ May Pay Out

☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft cnsl / prgm    ATTY    $_____ Consec/Conc to _____

☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education    $_____ Fine / Fees ☐ Deemed Satisfied ☐ Commuted

**OP:** ☐ Wav ☐ Arr'd _____ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP    P/INVEST    $_____ ☐ P/SUP $_____ /Mo ☐ Waived

rob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to_____    CJAF ☐    $_____

☐ Original Terms & Conditions Except as Amended herein    ☐ Restitution $_____ to _____

☐ Co-terminus with_____ ☐ No Further Penalties / Reviews    ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly

**AIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons    County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|-------|-----|-----------|-------------------|----------------------|---------------------|-------------------|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|
| | | | | | | | | | | |

TS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS    TOTAL TERM _____

☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec_____All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP_____

☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____

☐ Bal CJ Susp ☐ All but _____Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU _____

☐ Pre-process _____ AM/PM ☐ **Stay / Surrender / Transport to** _____ @ _____ AM/PM or Sooner

☐ REMANDED-BAIL $ _____ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐DOC TO CONTACT JAC FOR ASSM'T ☐ P36

☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED

**ROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.

Y _____ **DEFENDANT**

5 OF 14

| | | CASE NO. |
|---|---|---|
| OPLE VS. | DATE | DEPT. |
| .A. | CLERK | |
| GABRIEL    HERNANDEZ | HEARING | |
| | AGENCY | |
| OGE | STATUS | |
| PORTER | | |
| F. ATTY. | D.A. | APO |
| ARGES | | ISOLATION DATE |

## NEXT APPEARANCE

- ☐ Defendant Present ☐ Not Present    ☐ Atty Present _____ AD / PD / Legal Aide / Special App
- ☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend Comp/Info ☐ Arr ☐ Plea ☐ iDC ☐ PTC ☐ Prob / Sent    ☐ Interpreter _____ ☐ Sworn
- ☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR/ ERC    ☐ Bail Apply ☐ Balance Exonerated
- ☐ NG ☐ Entered by CRT ☐ NGBRI / Adv    ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC    ☐ Bail Exonerated ☐ Forfeited    Bond # _____
- ☐ Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury    ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein
- ☐ TW ☐ TNW ☐ TW / WD ☐ TW Sentence    ☐ Ref'd_____    ☐ $_____ Costs Within 30 Days to Court
- ☐ Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 36 ☐ P36 Re-Assm't    SORP / OR ☐ Revoked ☐ Reinstated ☐ May Post & Forfeit
- ☐ _____Relieved_____Appt'd    ☐ Crim Proc Susp ☐ Rein    ☐ BW Ordered $_____ ☐ Stayed ☐ To Issue
- ☐ Hrg on Motion _____    ☐ Doubt Decl Pursuant PC 1368    ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only
- ☐ Granted ☐ Denied ☐ Submitted ☐ Off Cal    ☐ Subm on Report ☐ Found _____    ☐ BW Set Aside ☐ Recalled ☐ Filed
- ☐ Stip to Comm ☐ Drs. Appointed _____    ☐ Max Term _____ ☐ Committed _____    ☐ Proof of _____
- ☐ Prelim Wav ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____
- ☐ Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ DA Stmt Filed   Other: _____

## PLEA Conditions:
☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____ ☐ Add to Cal
- ☐ Jail / Prison Term of _____
- ☐ Dismissal / Striking _____    ☐ Subm time of Sent ☐ Harvey Stip
- ☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666
- ☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed
- ☐ COP ☐ **GUILTY** ☐ **NOLO CONTENDERE** to charges & admits enhancements / allegations / priors ☐ **PC17** ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated
- ☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term   Fee $_____ ☐ Guilty Plea Rendered
- ☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**    FINES/FEES:  **PAY TO** ☐ Ref to DOR ☐ COURT ☐ TODAY
- ☐ Sentenced to _____ State Prison/County Jail ☐ Sent Suspended _____    COUNT____ $_____ + PA $_____ ☐ Purs HS11350d

**PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT____ $_____ + PA $_____
- ☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs    AIDS / CPP   $_____ + PA $_____
- ☐ Report to APO within _____ Days ☐ Terminated ☐ Upon Release    DPF   $_____ + PA $_____
- ☐ Perform_____Hrs Volunteer Work as directed PO / SAP / CAP ☐ in lieu of fine    LAB   $_____ + PA $_____
- ☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP    DRF /RF   $_____  Add'l RF $_____ Susp'd PC1202.45
- ☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos   Enroll within _____ days    AEF   $_____  Original Fine $_____
- ☐ DL Susp/ Restr'd/ Rvk'd for _____ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App    SECA   $_____  **CTS PC2900.5** $_____
- ☐ IID Not/Ordered/ Rmv'd Term _____ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed    NC   $_____  **TOTAL DUE** $_____
- ☐ No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05    ASF /CPF   $_____  Payments Granted / Modified
- ☐ DVPO issued / mod /term'd Exp _____ ☐ Victim Present    AR   $_____  $_____ / Mo beginning _____
- ☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon_____    SHELTER   $_____  FINE STAYED _____
- ☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold    DV   $_____  Committed @ $_____/day ☐ May Pay Out
- ☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft  cnsl / prgm    ATTY   $_____  Consec/Conc to _____
- ☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education    $_____  Fine / Fees ☐ Deemed Satisfied ☐ Commuted
- **OP:** ☐ Wav ☐ Arr'd _____ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP    P/INVEST   $_____  ☐ P/SUP $_____ _____ /Mo ☐ Waived
- ☐ Prob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to _____    CJAF   $_____
- ☐ Original Terms & Conditions Except as Amended herein    ☐ Restitution $_____ to _____
- ☐ Co-terminous with_____ ☐ No Further Penalties / Reviews    ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly

## JAIL/PRISON ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons                    County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

TS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS    TOTAL TERM _____
- ☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec_____All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP_____
- ☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
- ☐ Bal CJ Susp ☐ All but _____Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU _____
- ☐ Pre-process _____ AM/PM ☐ **Stay / Surrender / Transport to_____** @_____ AM/PM or Sooner
- ☐ REMANDED-BAIL $_____ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36
- ☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED

**ROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
Y _____ **DEFENDANT**

# EXHIBIT

# 6

6 OF 14

THIS Case 3:08-cv-04085-SI Document 1 Filed 08/26/2008 Page 19 of 42
TRANSCRIPT IS COVERED UNDER GOVERNMENT CODE SECTION 69954 (D)

27

1    And I think those were some of my main concerns.

2         THE COURT:  So you requested the police report and

3    you requested the preliminary hearing transcript.  And at

4    this point in time you have not received them; is that

5    correct?

6         THE DEFENDANT:  Yes, I have received none.

7         THE COURT:  Anything else?

8         THE DEFENDANT:  No.

9         THE COURT:  Now as we go through and we finish up

10   the hearing, if there's anything else you can think about,

11   I'm going to ask you again.  I want you to make sure that

12   you write it down so that I'll make sure I cover it, okay?

13        THE DEFENDANT:  Okay.

14        THE COURT:  Ms. Ebrahimi, how long have you

15   represented Mr. Hernandez?

16        THE DEFENDANT:  Your Honor, I was first assigned

17   to this case in, I believe, July 18th of 2005.  And I was

18   assigned to this case after Mr. Valencia withdrew as

19   counsel.

20        THE COURT:  Could you briefly state what you have

21   done on behalf of Mr. Hernandez.  For example, taking the

22   police reports, request investigation, confer to client,

23   request legal research, interview witnesses, prepare

24   motions.

25        MS. EBRAHIMI:  Yes, your Honor.

26        Your Honor, as I indicated to the Court, I have

27   been assigned -- I was assigned in this case in July of

28   2005.  Immediately after I was assigned the case because

Stephanie Rae Flores, C.S.R.  12481

# EXHIBIT

# 7

1    I've retained an expert after talking to numerous other

2    doctors, and that expert is prepared to testify, as well as

3    trying to formulate a defense.  And I've talked to

4    Mr. Valencia several times again and he's been very helpful

5    in guiding me and formulating a defense in this case.

6            THE COURT:  Thank you, Ms. Ebrahimi.

7            MS. EBRAHIMI:  Thank you.

8            THE COURT:  Mr. Hernandez, anything further from

9    you, sir?

10           THE DEFENDANT:  This is, first of all, the most

11   I've heard about my case.  Second, she's lied majorly like

12   three or four times.  She never ever talked to me

13   yesterday.

14           First of all, the last time I spoke to her on the

15   phone was, I think, a week ago.  And another thing she told

16   me the last time we spoke on the phone, I -- now remember

17   why we hung up.  She told me that she had ten other cases

18   this month and that she didn't have time to come down and

19   see me.  So, I mean, I don't know where -- I have no clue.

20   I mean, a lot of what she said -- a lot of it is not true.

21   And it's just not true.  And she never told me it was up to

22   me what I wanted to do.  She never even told me about the

23   defense tactics she talked about.  I never even heard that

24   come out of her mouth before until now.

25           So I've kind of been lost completely until I

26   actually feel like I know a lot more about my case just

27   hearing her.  And I don't mean to say that in a bad way

28   she's lying, but that's the truth.  She has completely just

# EXHIBIT

#8

24

```
 1    Ms. Ebrahimi, okay?

 2              THE DEFENDANT:  Okay.

 3              THE COURT:  And so at some point, Mr. Valencia was

 4    fired and then I appointed the public defender to represent

 5    you?

 6              THE DEFENDANT:  Yes.

 7              THE COURT:  And Ms. Ebrahimi was the public

 8    defender who was assigned to your case.  Since that time,

 9    you have indicated that she has seen you, is it two times

10    or more than two times?

11              THE DEFENDANT:  Ms. Panteha?

12              THE COURT:  Yes.

13              THE DEFENDANT:  She has seen me, I think, three

14    times.  Yeah, it's been three times.  She came out to the

15    County Jail three times to see me.

16              THE COURT:  So she's seen you three times and I

17    believe she was appointed -- anyway, the three times that

18    she interviewed you, you've indicated that most of the

19    conversation had been focused on her advising you, number

20    one, of what the offer was and then her giving you advice

21    about whether or not she felt that you should take that

22    offer.  Would that be accurate about what you told me this

23    morning?

24              THE DEFENDANT:  I didn't understand that.  Say

25    that again.

26              THE COURT:  Basically you said that the first

27    interview was 15 minutes, and she indicated that based upon

28    her observation in reading the case that it didn't look
```

# EXHIBIT

#9 (A-F)

*9 OF 14*

'A'

Exibit B

MOTION FOR FILED APEAL
OF ATTORNEY & COUNSEL
page (1) ONE

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

11-7-05

(1) I Gabriel Hernandez, Dated NOV, 7th, 2005, IN Santa Clara County, In the Superior Court, herby beg and motion the court to dismiss my present & Current attorney and Counsel, From any further representation in any legal matters pertaining to me as of this day 7t, month November, year 2005, in the enteresf of my constitutional right, due process, and of Justice, on the grounds of:

(1) Selective prosecution: It is my Knowledge & belief threw my attorneys hostile attetude & behavior to me on a Contenues basis, As well as her Corrupt actions by assisting the Judge and district attorney in selctively prosecuting me, (Contenued Next Page) †36

*10 of 14*

" B "

MOTION FOR DISMISSAL
OF ATTORNEY & COUNSEL
         Page TWO (2)   11-7-05

(CONTENUED) Which amounts to Selective
prosecution, and Violation of
my Due process rights, and
of my constitutional rights.

   (3) INapropriate Counsel=
my attorney has deliberately
for the benefit of the
district attorney and for
the Judge neglected and
purposely refused to contact
and to enterview witnesses
on my behalf which are
vitale and most important
to prooving my Innocance
in the court of Law,
This amounts to INNopriate
counsel= and violates all
my legal rights to a Fair
Trial and to receive appropriat
counsel to protect my
rights, which also violates
my due process & constit-
-utional rights.

                                    137

(Contenued on third page)

"C"

MOTION FOR DISMISSAL OF
ATTORNEY & Counsel
                                    11-7-05
          Page (3) Three


   (3) Deliberate Misrepresentation
my attorney, is using her
posittition to deliberately
 misrepresent me, by
reFusing to File or to
request a motion For
me to be evaluated by
the pschiatrist under
"incompitant to stand trial."
my attorneys deliberate
"misrepresentation" is done
due to personal Feelings
regarding my attorneys
dislike For domestic
Violance, as well as my
attorney hostile Feelings
and attetude towards me,
as well as my attorneys
efforts & cooperations with
the district attorneys office
and the Judge to persecute
and prosecute me.
   Which amounts to diliberate
misrepresentation and is The
(Contenued page Four)                138

12 OF 14

"D"

MOTION FOR DISMISSIAL OF
ATTORNEY & Counsel_
                                    11-7-05
            Page (4) Four

(contenued) dirrect violation  of
    my Federal and constitutional
    rights.

        (4) Diliberate INdifference
my attorney, has contenualy
exhibited  hostile  and
prejudice  attetude  and
Feelings Towards  me
because  of the alligations
of domestic violonce, and
because  of my attorneys
conspiring  with  the
district  attorney  and
with  the Judge  to selectively
prosecute  me ____  my attorney
has expressed  verbaly  and
in action that She  will
not represent  me  to  the
best  of heB ability  due
to the Fact that She  has
hostile  and  negative Feeling
to me  and due  to the
Fact  that She  is In  a
conspiracy  to persecute  $
(Contenued page  Five)                139

13. OF 14

"E"

MOTION FOR DISMISSAL OF
ATTORNEY & COUNSEL
                                    11-7-05

                Page (5) FIVE

(Contenued) prosecute me For the
    enterest and For the benifit
of the district attorney
and For the Judges benits.
            This is in direct
violation of my civil and
V Federal right as well
as my constitutional rights.

            For the above and
written motion I request
that my attorney not
be allowed to represent
me in any legal matter
pertaining to me
under the constitution
of the united State which
is guaranted to me
in the court of law
So that I can have and
receive a Fair & Impartial
hearing & trial.

I declare that this motion
to be true & correct.
(Contenued Pag (6) Six)                140

*14 OF 14*

" F "

MOTION FOR DISMISSAL oF
ATTORNEY & COUNSEL.

11-7-05

Page (6) Six

Sighned *Gabriel Hernandez*
Gabriel Hernandez

11- 07- 005
Dated

141

"ATTACHMENT" - B  (1-2) pg.

GROUND TWO
BLAKELY VIOLATION

1  PETITIONER'S SENTENCE WAS INCREASED
5  ON BASIS OF FACTS FOUND BY THE JUDGE
6  RATHER THAN BY THE JURY. THIS VIOLATED
7  PETITIONERS RIGHT TO JURY TRIAL, AND TO DUE
8  PROCESS OF LAW, AS GUARANTEED BY AMENDMENTS
9  6, AND 14 TO THE U.S. CONSTITUTION. SEE
10 BLAKELY V. WASH., 542 U.S. 296 (2004).

12 THE DEFENDANT, PETITIONER'S (COUNSEL) AND
13 PUBLIC DEFENDER FUNTEHA EBRAHIMI, CAUSED
14 THE PETITIONER TO WAIVE HIS RIGHTS, TO A JURY
15 TRIAL ON (ALLEGED) "PRIOR STRIKES" OF 1990, DURING
16 A BIFURCATED PROCEEDING. SEE, EXHIBIT-O
17 THEN MS. EBRAHIMI, THE DEFENDANTS (COUNSEL)
18 MISREPRESENTED THE DEFENDANT, PETITIONER
19 BY SUBMITTING FALSE ACCOUNTS, (ALLEGEDLY)
20 COMITTED BY DEFENDANT IN THE 1990, (TWO)
21 ALLEGED "PRIOR STRIKES" IN COUNSEL'S (ROMERO
22 MOTION) "STATEMENT IN MITIGATION" PAPERS, (REPORT).
23 SEE, EXHIBIT- 1(A-B).
24 ALSO THE DISTRICT ATTORNEY, TIMOTHY MOORE,
25 FOR SANTA CLARA COUNTY, SUBMITTED FALSIFIED
26 "MOVING PAPERS", THE "PEOPLES OPPOSITION TO
27 DEFENDANTS ROMERO MOTION PERSUANT TO
28 PC # 1385". SEE, EXHIBIT- 2(A-C).

1 OF 2

1 THE EVIDENCE USED DURING THE BIFURCATED
2 COURT TRIAL ON THE PRIOR CONVICTION ALLEGAT-
3 IONS WAS INSUFFICIENT TO SUPPORT THE TRIAL
4 COURTS FINDINGS THAT APPELLANT HAD SUFFERED
5 VARIOUS "STRIKES".
6 THE TRIAL JUDGE CLAIMED TO "HAVE ITS FACTS
7 IN THE MOVING PAPERS. WHERE TWO INDIVID-
8 UALS WERE STABBED OR POKED WITH A KNIFE".
9 THE TRIAL JUDGE, HONORABLE RODNEY J. STAFFORD,
10 WHENT ON TO "CLAIM", HOW "ONE PERSON WAS
11 INJURED SLIGHTLY THE OTHER WAS INJURED MORE
12 SERIOUSLY". SEE, "RT PG 492 LN 26-28". EXHIBIT-3.
13 THE DISTRICT ATTORNEY TIMOTHY MOORE, FOR THE
14 PEOPLE OF CALIFORNIA, STATED "HOW HE WAS
15 UNABLE TO DETERMINE WHAT HAPPEND TO THE
16 SECOND STRIKE". SEE, "RT PG 489 LN 14-22". EXHIBIT-4.
17 BUT YET STILL, EVEN WITHOUT THE ALLEGED SECOND
18 "STRIKE", THE DISTRICT ATTORNEY, PUBLIC DEFEND-
19 ER, AND JUDGE, HAVE ALL STATED IN GREAT
20 DETAIL THROUGH MOVING PAPERS (DOCUMENTS),
21 REPORTS HOW FACTUAL EVIDENCE SUPPORTS THEIR
22 DESCRIPTIONS OF ALLEGED STRIKES.
23 SEE, "DOCUMENT, "EXHIBIT-5.
24
25
26
27
28

2 OF 2

# EXHIBIT

# O

```
 1   SAN JOSE, CALIFORNIA                  NOVEMBER 15, 2005

 2                          PROCEEDINGS

 3            THE COURT:  ALL RIGHT.  ON THE GABRIEL

 4   HERNANDEZ MATTER.  RECORD SHOULD SHOW THAT BOTH COUNSEL

 5   ARE PRESENT AND MR. HERNANDEZ IS PRESENT.

 6            I DISCUSSED WITH COUNSEL WHETHER THERE WAS GOING TO

 7   BE A JURY WAIVER WITH REGARD TO THE PRIOR CONVICTIONS.

 8   AND IT'S MY UNDERSTANDING THAT AT THIS TIME, MISS

 9   EBRAHIMI, MR. HERNANDEZ IS WILLING TO WAIVE HIS RIGHT TO

10   A JURY TRIAL ON THE PRIORS.

11            MS. EBRAHIMI:  YES, YOUR HONOR.  HOWEVER, HE

12   DOES WANT TO EXERCISE HIS RIGHT TO A COURT TRIAL ON THOSE

13   PRIORS.

14            THE COURT:  THAT'S FINE.  THAT'S FINE.

15       MR. HERNANDEZ, THERE ARE CERTAIN PRIORS THAT ARE

16   ALLEGED IN THE INFORMATION.  DO YOU UNDERSTAND THAT YOU

17   DO HAVE THE RIGHT TO HAVE A JURY DETERMINE WHETHER YOU

18   HAVE SUFFERED THOSE PRIOR CONVICTIONS OR NOT?

19            THE DEFENDANT:  YES, I DO.

20            THE COURT:  OKAY.  AND IF YOU WAIVE YOUR RIGHT

21   TO A JURY TRIAL ON THAT ISSUE, JUST ON THE PRIOR

22   CONVICTION OF COURSE, NOT -- IT DOESN'T HAVE ANYTHING TO     It Has

23   DO WITH THE UNDERLYING CHARGE, BUT IF YOU WAIVE YOUR   Everything to

24   RIGHT TO A JURY TRIAL ON THE PRIOR CONVICTION, AND HAVE A   Do With

25   COURT TRIAL, THAT MEANS THAT I'LL BE THE PERSON THAT   The Underlying

26   MAKES THE DETERMINATION OF WHETHER OR NOT YOU HAVE   Charge.

27   SUFFERED THOSE PRIOR CONVICTIONS.  DO YOU UNDERSTAND

28   THAT?  UNDER "CUNNINGHAM v. Cal. I HAVE THE RIGHT TO A
         JURY TRIAL TO DETERMINE WHETHER I SUFFERED PRIORS, OR NOT.
```

# EXHIBIT

# 1 (A, B)

2·CF9

*Falsified Documents
By P.D.*

D-3/6

LAW OFFICES OF THE PUBLIC DEFENDER
MARY GREENWOOD, # 99728
PANTEHA EBRAHIMI, #200968
County of Santa Clara
120 West Mission Street
San Jose, CA 95110
Telephone: 299-7180

Attorneys for Defendant

**FILED**

DEC 0 2 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | NO: CC332602 |
| Plaintiff, | STATEMENT IN MITIGATION |
| vs. | Date: December 16, 2005 |
| GABRIEL HERNANDEZ, | Time: 9:00 a.m. |
| | Dept: 36 |
| Defendant | Time Estimate: 15 minutes |

TO THE CLERK OF THE ABOVE ENTITLED COURT, AND
TO THE DISTRICT ATTORNEY FOR THE COUNTY OF SANTA CLARA:

NOTICE IS HEREBY GIVEN that on the 16th day of December of 2005, at 9:00 a.m., in Department 36 of the above-entitled court, the above named defendant will move the court to dismiss his strike alleged pursuant to Penal Code Section 1385.

Dated: December 2, 2005

Respectfully submitted,

MARY GREENWOOD
Public Defender

*Panteha Ebrahimi*
PANTEHA EBRAHIMI
Deputy Public Defender

254

1

STATEMENT IN MITIGATION

*3 OF 9*

1 │ ultimate sentence in light of other individualized considerations, including the interests of

2 │ Gabriel Hernandez and society as a whole.

3

4 │ **STRIKE PRIOR**

5 │ Approximately, 15 years ago, during the evening of June 24, 1990 defendant Gabriel

6 │ Hernandez entered a 7-Eleven convenience store where he attempted to purchase beer.

7 │ Once, Gabriel selected his purchase, Mr. Nestor advised him to place his selection on the

8 │ counter. Mr. Nestor and Gabriel proceeded with the transaction by calculating the total of

9 │ the merchandise. Mr. Nestor informed Gabriel the total was $23.00. The amount exceeded

10 │ the amount of cash Gabriel had therefore he became angry. Gabriel and Mr. Nestor began to

11 │ argue, which subsequently caused Gabriel to leave the store. ~~At approximately 2:54 a.m.,~~

12 │ ~~Gabriel returned to the store. While he was attempting to walk into the store, Mr. Nestor~~

13 │ ~~might block his entrance. Gabriel nevertheless entered the store. Mrs. Nestor then backed~~

14 │ ~~Gabriel into a corner near the register and hit Gabriel with a candy bar. Gabriel then took~~

15 │ ~~out his knife and "poked" Mr. Nestor in the leg. Gabriel then attempted to leave, but the~~

16 │ ~~second store clerk approached him. The other store clerk, "Mr." Yap tried to block Gabriel~~

17 │ ~~from entering the store. This caused Gabriel to hit Mr. Yap in the leg with the knife. Gabriel~~

18 │ ~~then left the store on a motorcycle with a friend. Later, Gabriel returned to store to follow up~~

19 │ ~~on the incident when the police approached him.~~ Gabriel attempted to flee through Kelly

20 │ Park but was arrested shortly after. Gabriel's blood alcohol level was 0.21% at the time of

21 │ his arrest. Both individuals obtained medical treatment, but had no permanent injury as a

22 │ result of the incident. Gabriel was subsequently charged and convicted (by a plea of guilty)

23 │ of two counts of assault with a deadly weapon. Gabriel received two years in state prison

24 │ for this conviction.

25 │ **CURRENT OFFENSE**

26

27

28 │ **260**

*COMPLETELY "FALSE"*

7

# EXHIBIT

# 2 (A-C)

4 of 9

GEORGE W. KENNEDY, DISTRICT ATTORNEY
State Bar No. 052527
TIMOTHY S. MOORE, DEPUTY DISTRICT ATTORNEY
State Bar No. 193584
COUNTY GOVERNMENT CENTER, WEST WING
70 West Hedding Street
San Jose, CA 95110
Telephone: (408) 299-7400

**F I L E D**

JAN 3 0 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA/County of Santa Clara
By _____ Deputy
S. Chua

Attorneys for The People

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

THE PEOPLE OF THE STATE OF CALIFORNIA,       )    CASE NO.: CC332602
                              Plaintiff,     )
                                             )
vs.                                          )    PEOPLE'S OPPOSITION TO
                                             )    DEFENDANT'S ROMERO MOTION
GABRIEL HERNANDEZ,                           )    PURSUANT TO PC §1385
                                             )
                                             )    Date:   February 1, 2006
                              Defendant(s).  )    Time:   9:00 a.m.
                                             )    Dept:   27
                                             )

## I.    INTRODUCTION

On November 15, 2005, the defendant, Gabriel Hernandez, was convicted by jury of

a felony violation of Penal Code §273.5(a) and a felony violation of Penal Code §236-237.

The jury found the special allegation that the defendant personally inflicted great bodily

injury as defined by Penal Code §12022.7(e) untrue. At a court trial on the defendant's

prior convictions, the trial court found true that the defendant has suffered two convictions

within the meaning of Penal Code §667 (b)-(i)/1170.12, and three prison priors within the

George W. Kennedy
District Attorney
County of Santa Clara
San Jose, California 95110

5441 REV 1/91

People's opposition to defendant's romero motion pursuant to PC §1385          **274**

| | | | |
|---|---|---|---|
| 1 | 4/90 | P.C. §647(f) – Public Intoxication | 10 days jail |
| 2 | | P.C. §148(a)(1) – Resisting/delaying arrest | |
| 3 | 7/90 | P.C. §245 (a)(1) – Assault w/a deadly weapon | 2 yrs CDC |
| | | P.C. §245 (a)(1) – Assault w/a deadly weapon | |
| 4 | 10/92 | V.C. §23152(b)- Driving under the influence | jail |
| 5 | | | |
| 6 | 4/93 | V.C. §20001(b)(1) – Felony hit and run | 1 year jail |
| 7 | 9/93 | Violation of Parole | |
| 8 | 1/94 | V.C. §2800.2 – Felony evading a police officer | 16 months CDC |
| 9 | 2/95 | V.C. §12021(a)(1) – Felon in possession of a firearm | 32 months CDC |
| 10 | 6/97 | V.C. §23152(a) – Driving under the influence | 90 days |
| 11 | 9/97 | Violation of Parole | |
| 12 | 9/99 | Violation of Parole | |
| 13 | 1/00 | Violation of Parole | |
| 14 | 4/01 | Violation of Parole | |
| 15 | | | |
| 16 | 7/02 | P.C. §242-243(e) – Battery in a dating relationship | 25 days |
| 17 | 9/03 | Charged offenses | |
| 18 | 6/05 | *Arrest while out on bail for current offense* | Pending |
| 19 | | Penal Code §12021(a)(4) | |

20  **DEFENDANT'S PRIOR STRIKE CONVICTIONS**

21  ~~The defendant was convicted in 1990 after having stabbed two of the clerks. The~~

22  ~~defendant had been in the store previously and had insufficient money to purchase beer.~~

23

24  ~~The defendant became angry, pushed the clerk and left the store. The defendant returned~~

25  ~~shortly thereafter with a knife and during a physical altercation with one of the clerks, he~~

26

*[Handwritten annotation: "THIs Is a complete lie. THIs never happend"]*

George W. Kennedy
District Attorney
County of Santa Clara
San Jose, California 95110

5441 REV 1/91

People's opposition to defendant's romero motion pursuant to PC §1385

277



This never happend, THis is a complete lie.

1   ~~stabbed the clerk in the leg with the knife. The defendant then~~

2   ~~came knife when the second clerk came to his co-worker's aid. The victims described the~~

3   ~~defendant laughing as he committed the crimes. As of the time of the probation report (two~~

4   ~~months later) the clerk who was stabbed in the leg was still experiencing difficulty walking~~

5   ~~due to his injuries. The clerk who was stabbed in the arm received two stitches to close the~~

6   ~~wound and the laceration of the arm.~~

7

8   ## DEFENDANT'S 1995 CONVICTION FOR PC 12021 INVOLVED A THREAT TO

9   ## KILL

10      The defendant's 1995 conviction appears to be a simple Penal Code §12021 on its

11  face. A review of the facts demonstrates the contrary, however. In that case the defendant's

12  possession of a firearm came to the attention of the police after he showed the weapon to

13  another male after exchanging stares. While showing the 9mm semi-automatic Smith and

14  Wesson to the victim, the defendant placed his hand on the handle of the gun that was in his

15  waist ban of his pants the defendant asked the victim if he wanted the defendant "to cap his

16  ass".

17

18  ## DEFENDANT'S 2002 DOMESTIC VIOLENCE CONVICTION

19      The defendant was convicted of battering Angelica Valdez on June 30, 2002. Ms.

20  Valdez and the defendant had a prior relationship that lasted one year ending in

21  approximately 1999. They had resumed their relationship in 2002. On the incident date the

22  defendant became jealous of the Ms. Valdez's relationship with another male. The

23  defendant began to insult Ms. Valdez while she drove the couple home. Once the car

24  stopped, the defendant slapped the victim two times in the face and told her to get out of her

25

26

George W. Kennedy
District Attorney
County of Santa Clara
San Jose, California 95110

 5441 REV 1/91

People's opposition to defendant's romero motion pursuant to PC §1385

278

# EXHIBIT

# 3

7 OF 9

```
 1  '99.  2000 AND 2001.  IT'S SIMPLY ONE RIGHT AFTER
 2  ANOTHER.  AND QUITE FRANKLY IN GOOD CONSCIENCE I CAN'T
 3  SEE WHERE BASED UPON THE CIRCUMSTANCES OF THIS OFFENSE,
 4  BASED UPON THE RECORD THAT MR. HERNANDEZ HAS BUILT FOR
 5  HIMSELF, AND ITS NOT JUST THIS CASE, WE WOULDN'T BE HERE
 6  TODAY IF THE ONLY CONVICTION WAS FOR WHAT OCCURRED ON
 7  DATE OF OFFENSE.  WE ARE HERE BECAUSE OF THINGS THAT
 8  HAPPENED MUCH EARLIER THAN THAT.  THE DEFENDANT'S RECORD.
 9  AND BASED UPON THAT RECORD AND THE CIRCUMSTANCES OF THE
10  OFFENSE, I DON'T BELIEVE THAT MR. HERNANDEZ DOES FALL
11  OUTSIDE THE SPIRIT OF THE THREE STRIKES THAT WOULD ENABLE
12  ME TO BASICALLY STRIKE ONE OR TWO OF THOSE STRIKES.  SO,
13  I'M NOT GOING TO DO THAT.  I'LL DENY THE MOTION TO STRIKE
14  THE PRIOR OR BOTH PRIORS.  MR. HERNANDEZ, YOU HAD A
15  QUESTION?
16            THE DEFENDANT:  CAN I SAY SOMETHING?
17            THE COURT:  SURE.
18            THE DEFENDANT:  HE MENTIONED THE 245 IN 1990.
19  I UNDERSTAND OR I BELIEVE ONE INDIVIDUAL GOT HURT, YOUR
20  HONOR.  THEY ARE SAYING TWO PEOPLE.  ONE PERSON GOT HURT.
21  AND I JUST WANT TO NOTE THAT BECAUSE IT WAS NOT TWO LIKE
22  THE DISTRICT ATTORNEY IS SAYING.  IT WAS ONE.  IF YOU
23  GUYS LOOK INTO THE RECORDS IT WAS ONE PERSON THAT WAS
24  INVOLVED IN THAT INCIDENT.
25            THE COURT:  ALL RIGHT.  THE COMMENT IS NOTED.
26  THAT'S NOT HOW I READ THE REPORTS, MR. HERNANDEZ.  MY
27  READING OF THE REPORTS IS THAT ONE PERSON WAS INJURED
28  SLIGHTLY THE OTHER WAS INJURED MORE SERIOUSLY.  SO, ALL
```

# EXHIBIT

# 4

1  "DIFFERENT TIMES." AND FACTS ARE CLEAR, AND I ACTUALLY

2  JOIN WITH THE COURT THAT THE COURT CAN IN FACT CONSIDER

3  CIRCUMSTANCES INVOLVING AN INCIDENT FOR PURPOSES OF A

4  ROMERO MOTION.  THE COURT CAN CONCIDER POLICE REPORTS

5  THAT ARE HEARSAY AND THINGS THAT WERE NOT PLED AND PROVEN

6  IN A PARTICULAR OFFENSE.  OBVIOUSLY THAT RELATES TO THE

7  12021 CONVICTION FROM 1990, CONVICTION FROM 1995.

8       AND FURTHER AS TO BLAKELY, BLAKELY HAS BEEN FOUND

9  NOT TO APPLY IN THE STATE OF CALIFORNIA.  IT HAS NO

10  RELEVANCE HERE.  THE 32 MONTH SENTENCE THAT MR. HERNANDEZ

11  RECEIVED IN 1995 WAS IN FACT AS WE NOW CAN VIEW IN

12  HINDSIGHT, TREMENDOUS BENEFIT TO MR. HERNANDEZ.

13  MR. HERNANDEZ WAS A THREE STRIKER IN 1995 AT THE TIME HE

14  COMMITTED THAT 12021.  IT INVOLVED A FIREARM.  ~~I HAVE~~

15  ~~PERSONALLY.  IN MY RESEARCH IN PREPARING FOR THIS ROMERO~~

16  ~~MOTION.  I WAS UNABLE TO DETERMINE WHAT HAPPENED TO THE~~

17  ~~SECOND STRIKE.  IT APPEARS THAT MR. HERNANDEZ RECEIVED~~

18  ~~THE BENEFIT OF A TWO STRIKE SENTENCE IN 1995.  WHETHER~~

19  ~~THAT WAS AT THE BENEVOLANCE OF THE PEOPLE STRIKING A~~

20  ~~STRIKE.  ONLY ALLEGING ONE STRIKE, OR THE COURT STEPPING~~

21  ~~IN AND STRIKING A STRIKE, I'M UNABLE TO DETERMINE AT THIS~~

22  ~~TIME.  BUT CLEARLY THE CONVICTIONS WERE THERE AS OF 1995~~

23  AND MR. HERNANDEZ'S HISTORY DESPITE THE BENEFIT WAS VERY

24  POOR.

25       MOVING FORWARD TO 1995.  MANY VIOLATIONS OF PAROLE.

26  HE TURNED A 32 MONTH SENTENCE INTO A MAXED OUT PAROLE

27  VIOLATION.  AND I BELIEVE SINCERELY MR. HERNANDEZ'S

28  STATEMENTS WHEN HE SAYS THEY WERE PRIMARILY BEING UNDER

*(handwritten, right margin)* BECAUSE A Second Strike never Isisisted no does it.

# EXHIBIT

#5

# County of Santa Clara
## Superior Court of California
191 North First Street
San Jose, California 95113
(408) 882-2700

H A L L   O F   J U S T I C E



**Re: HERNANDEZ, GABRIEL**      **D.O.B.: CDC#: F-16381**
**Case#: C9084574**

☐ There was not enough information
    ☐ Not a full name, alias, or D.O.B. to match.
    ☐ The case number that was given was incomplete or incorrect

☐ Our records do not reflect any complaint(s) filed for the year(s)     to     within the County of
Santa Clara.

☐ The files requested are located at another Court Facility, your request and check has been forwarded:

☒ The file was purged due to applicable time statutes.

☐ Other:

☐ Payment was not included or is insufficient:
GC 70627(a)     Copies     $ 0.50 per page(single sided) (two sided=2 pages)
GC 70626(a)(4)    Certifications $15.00 per certification per document
GC 70627(c)       Any search for records or files which takes longer than 10 minutes $15.00

Fees due for this Request:

    _____ X copies @ $ 0.50 per page =      $_____

    _____ X certification @ $15.00 each =      $_____

    _____ Excess time Fee@ $15.00=      $_____

TOTAL AMOUNT DUE =      $_____

AMOUNT SUBMITTED:      $_____

BALANCE DUE:      $_____

DATE: 04/15/08

By:               
         Andrina R. Roman-Castillo, LPCIII
         HOJ PUBLIC SERVICE DIVISION

"ATTACHMENTS" (1-4) PGS.

I. THIS COURT SHOULD REVERSE APPELLANTS
CONVICTIONS, BECAUSE THE TRIAL COURTS INSTRUCT-
ION OF THE JURY MISSTATED THE LAW WITH
RESPECT TO THE EXTENT OF THE FORCE THAT
APPELLANT WAS ENTITLED TO USE TO EJECT
NICHOLS FROM THE PROPERTY....

   A. CONTRARY TO THE TRIAL COURT'S INSTRUCTION,
      A DEFENDANT'S RIGHT TO EJECT A TRESPASSER
      IS NOT NECESSARILY LIMITED TO THAT NECESS-
      ARY TO THE FORCE NECESSARY TO PREVENT
      PROPERTY DAMAGE OR PHYSICAL INJURY ....
   B. THE TRIAL COURTS MISSTATEMENT OF THE LAW
      AND MISINSTRUCTION OF THE JURY MATERIALLY
      PREJUDICED APPELLANT, AND REQUIRES
      REVERSAL OF APPELLANT'S CONVICTION....
      1. THE TRIAL COURTS MISINSTRUCTION AMOUNTED
         TO FAILURE TO INSTRUCT ON THE ISSUE OF
         DEFENSE OF PROPERTY, WHICH IS REVERSABLE
         PER SE UNDER THE FIFTH AND FOURTEENTH
         AMENDMENTS TO THE UNITED STATES
         CONSTITUTION....
      2. THE TRIAL COURTS IMPROPER INSTRUCTION OF
         THE JURY CANNOT BE CONSIDERED HARMLESS
         ERROR, EVEN UNDER THE LESSER, CHAPMAN
         STANDARD.....

II. THIS COURT SHOULD REVERSE APPELLANT'S
    CONVICTIONS, BECAUSE THE TRIAL COURT ALSO

1  MISINSTRUCTED THE JURY THAT APPELLANT'S RIGHT
2  TO DEFEND THE PROPERTY WAS LIMITED BY
3  NICHOLS'S INTENT IN ENTERING THE PROPERTY,
4  AND THEREBY VIOLATED APPELLANT'S RIGHT UNDER
5  THE FIFTH AND FOURTEENTH AMENDMENTS TO THE
6  UNITED STATES CONSTITUTION . . . . .
7
8  III.   TO THE EXTENT THAT THE TRIAL COURT
9       LACKED THE DUTY TO INSTRUCT THE JURY <u>SUA</u>
10      <u>SPONTE</u> AS TO APPELLANTS' RIGHT TO DEFEND THE
11      PROPERTY, THE FAILURE TO REQUEST SUCH AN
12      INSTRUCTION CONSTITUTES INEFFECTIVE ASSIST-
13      ANCE OF COUNSEL, AND VIOLATED APPELLANTS' RIGHT
14      UNDER THE SIXTH AND FOURTEENTH AMENDMENTS
15      TO THE UNITED STATES CONSTITUTION . . . . .
16
17 IV. THIS COURT SHOULD REVERSE APPELLANTS' CONVICTIONS,
18      BECAUSE THE TRIAL COURT ERRED IN INSTRUCTING THE
19      JURY REGARDING THE UNAVAILABILITY OF SELF
20      DEFENSE FOR A PERSON THAT INITIATES A QUARREL,
21      BECAUSE IT WAS NICHOLS, RATHER THAN APPELLANT,
22      THAT INITIATED THE QUARREL, AND BECAUSE THE
23      INSTRUCTION WAS, THEREFORE, UNSUPPORTED BY
24      THE EVIDENCE AND VIOLATED APPELLANTS' DUE
25      PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH
26      AMENDMENTS . . . . .
27
28 V.   THIS COURT SHOULD REVERSE APPELLANTS' CONVICTION,

1  IMPROPERLY ADMITTED EVIDENCE OF APPELLANTS
2  PRIOR MISDEMEANOR BATTERY CONVICTION BASED
3  MERELY ON THE FACT OF APPELLANTS CONVICTION,
4  WITHOUT CONSIDERING THE UNDERLYING FACTS
5  AND THEIR SIMILARITY OR DISSIMILARITY TO
6  THE PRESENT ALLEGED OFFENSE, AND THEREBY
7  VIOLATED APPELLANTS DUE PROCESS RIGHTS UNDER
8  THE FIFTH AND FOURTEENTH AMENDMENTS.....
9  A. BY REQUIRING A WEIGHING OF THE PROBATIVE
10  VALUE OF EVIDENCE REGARDING DOMESTIC VIOLENCE
11  AGAINST ITS PREJUDICIAL EFFECTS, THE STATUE AND
12  DUE PROCESS REQUIRES A SHOWING OF THE FACTS
13  SURROUNDING THE PRIOR CONVICTION, AND NOT
14  MERELY THE FACT OF SUCH CONVICTION.....
15  B. THE TRIAL COURTS ADMISSION OF THE MERE FACT
16  OF APPELLANT'S PRIOR CONVICTION, UNACCOMP -
17  ANIED BY ANY ANALYSIS OF THE FACTS
18  SURROUNDING THAT CONVICTION, VIOLATED
19  SECTION 1108 AS WELL AS APPELLANTS FEDERAL
20  RIGHT TO DUE PROCESS UNDER THE FIFTH AND
21  FOURTEENTH AMENDMENTS, AND REQUIRES
22  REVERSAL OF APPELLANTS CONVICTION....
23
24  VI. THE CUMULATIVE EFFECT OF THE TRIAL COURT'S
25  ERRORS REQUIRES REVERSAL OF APPELLANTS
26  CONVICTION.....
27
28  VII. THE TRUE FINDINGS ON THE STRIKES PRIORS

ATTACHMENT #4.

1   MUST BE REVERSED UNDER THE DUE PROCESS CLAUSE

2   OF THE FIFTH AND FOURTEENTH AMENDMENTS,

3   BECAUSE THE FINDINGS ARE NOT SUPPORTED BY

4   SUBSTANTIAL EVIDENCE ....

"ATTACHMENTS" (5 - 7) PG'S.

1  I.  THIS COURT SHOULD GRANT REVIEW AND REVERSE
2     PETITIONERS CONVICTION, BECAUSE THE TRIAL COURT
3     MISSTATED THE LAW WITH RESPECT TO THE EXTENT OF
4     THE FORCE THAT A HOMEOWNER OR POSSESSOR MAY
5     USE TO DEFEND THEIR PROPERTY OR EJECT A TRESP-
6     ASSER . . . . .
7     A. CONTRARY TO THE TRIAL COURTS INSTRUCTIONS, A
8        DEFENDANTS RIGHT TO EJECT A TRESPASSER IS NOT
9        NECESSARILY LIMITED TO THAT NECESSARY TO THE
10       FORCE NECESSARY TO PREVENT PROPERTY DAMAGE
11       OR PHYYSICAL INJURY . . .
12    B. THE TRIAL COURTS MISSTATEMENT OF THE LAW
13       AND MISINSTRUCTION OF THE JURY MATERIALLY
14       PREJUDICED PETITIONER, AND REQUIRES REVERSAL
15       OF PETITIONERS CONVICTION . . . .
16
17 II. THIS COURT SHOULD GRANT REVIEW AND REVERSE
18     PETITIONER'S CONVICTION, BECAUSE THE TRIAL COURT
19     ALSO MISINSTRUCTED THE JURY THAT A PROPERTY
20     OWNERS RIGHT TO DEFEND THE PROPERTY IS
21     DETERMINED AND LIMITED BY THE INTENT OF
22     THE TRESPASSER IN ENTERING THE PROPERTY . . . -
23
24 III. TO THE EXTENT THAT THE TRIAL COURT LACKED
25     THE DUTY TO INSTRUCT THE JURY SUA SPONTE
26     AS TO THE BURDEN OF PROOF PETITIONERS RIGHT
27     TO DEFEND THE PROPERTY, THIS COURT SHOULD GRANT
28     REVIEW TO DETERMINE WHETHER THE FAILURE TO

1   REQUEST SUCH AN INSTRUCTION CONSTITUTES
2   INEFFECTIVE ASSISTANCE OF COUNSEL . . . .
3

4   IV. THIS COURT SHOULD GRANT REVIEW, AND REVERSE
5       PETITIONER'S CONVICTION, BECAUSE THE TRIAL COURT
6       ERRED IN INSTRUCTING THE JURY REGARDING THE
7       UNAVAILABILITY OF SELF DEFENSE FOR A PERSON
8       THAT INITIATES A QUARREL, BECAUSE IT WAS
9       NICHOLS, RATHER THAN PETITIONER, THAT INITIATED
10      THE QUARREL . . . . .
11

12  V. THIS COURT SHOULD REVERSE PETITIONERS' CONVICTION,
13      BECAUSE THE TRIAL COURT IMPROPERLY ADMITTED
14      EVIDENCE OF PETITIONER'S PRIOR MISDEMEANOR BATTERY
15      CONVICTION BASED MERELY ON THE FACT OF THAT
16      CONVICTION, WITHOUT CONSIDERING THE UNDERLYING
17      FACTS AND THEIR SIMILARITY OR DISSIMILARITY
18      TO THE PRESENT ALLEGED OFFENSE, AND THEREBY
19      VIOLATED PETITIONER'S DUE PROCESS RIGHTS
20      UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.
21      A. BY REQUIRING A WEIGHING OF THE PROBATIVE
22         VALUE OF EVIDENCE REGARDING DOMESTIC VIOLENCE
23         AGAINST ITS PREJUDICIAL EFFECTS, THE STATUE
24         AND DUE PROCESS REQUIRE A SHOWING OF THE
25         FACTS SURROUNDING THE PRIOR CONVICTIONS, AND
26         NOT MERELY THE FACT OF SUCH CONVICTION . . . .
27      B. THE TRIAL COURT'S ADMISSION OF THE MERE FACT
28         OF APPELLANT'S PRIOR CONVICTION, UNACCOMPAN —

1   - ED BY ANY ANALYSIS OF THE FACTS SURROUND-
2   ING THAT CONVICTION, VIOLATED SECTION 1102 AS
3   WELL AS APPELLANT'S FEDERAL RIGHT TO DUE
4   PROCESS UNDER THE FIFTH AND FOURTEENTH
5   AMENDMENTS, AND REQUIRES REVERSAL OF APPELLANTS'
6   CONVICTION . . . . .
7
8   VI. THE TRUE FINDINGS ON THE STRIKE PRIORS MUST
9      BE REVERESED UNDER THE DUE PROCESS CLAUSE
10     OF THE FIFTH AND FOURTEENTH AMENDMENTS,
11     BECAUSE THE FINDINGS ARE NOT SUPPORTED BY
12     SUBSTANTIAL EVIDENCE . . . . .
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"ATTACHMENTS" (8 - 12) PGS.

#8

**SUPERIOR COURT OF CALIFORNIA, STATE OF CALIFORNIA**
**191 N. First Street**
**San Jose, CA   95113-1090**

TO:   Gabriel Hernandez
      F-16381   6300 West Cecil Ave./P.O. Box 6000
      Delano,   CA 93216

RE:  G. Hernandez vs Santa Clara County "et Al"
Case Nbr:  1-07-CV-082804

NOTICE OF CASE MANAGEMENT CONFERENCE

A Case Management Conference has been scheduled for the above entitled
case and all parties are directed to appear in this court on:

Date: 08/07/07  At: 0215PM  in: Dept 16

Superior Court, 191 North First St., San Jose, CA  95113

1.   You must file and serve a completed 'Case Management Conference
Questionnaire' and 'At-issue Memorandum' at least five (5) calendar days prior
to the above scheduled conference.

2.   Counsel for each party and each self-represented party shall attend
the conference and be fully prepared to participate effectively.

3.   Compliance with all Local Rules of Court is required.

For further information, contact the Calendar Office at (408)882-2100.

---

Parties/Attorneys of Record:

CC:

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's Office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

 DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 4/03/07.  KIRI TORRE, Chief Executive Officer by Brian Faraone, Deputy

#9

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. First Street**
**San Jose, CA   95113-1090**

TO:    Gabriel Hernandez
       F-16381   6300 West Cecil Ave./P.O. Box 6000
       Delano,   CA 93216

RE:  G. Hernandez vs Santa Clara County "et Al"
Case Nbr:   1-07-CV-082804

### PROOF OF SERVICE

ORDER: CASE IS DEEMED NOT COMPLEX
(SIGNED BY JUDGE JACK KOMAR),

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

Parties/Attorneys of Record:

CC:

If you, a party represented by you, or a witness to be called on behlaf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 04/02/07.  KIRI TORRE, Chief Executive Officer/Clerk by Rowena Walker, Deputy

"ATTACHMENTS' (8-12) PGS.

#10

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. First Street**
**San Jose, CA   95113-1090**

ENDORSED

2007 APR 24   A 11: 29

TO:   Gabriel Hernandez
      F-16381   6300 West Cecil Ave./P.O. Box 6000
      Delano,   CA 93216

                                              Trang Vu

RE:   G. Hernandez vs Santa Clara County "et Al"
Case Nbr:   1-07-CV-082804

## PROOF OF SERVICE

ORDER FROM JUDGMENT MCKENNEY VOIDING COMPLAINT AND DISMISSING ACTION

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

Parties/Attorneys of Record:

CC:

If you, a party represented by you, or a witness to be called on behlaf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

 DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 04/24/07.  KIRI TORRE, Chief Executive Officer/Clerk by Trang Vu, Deputy

#11

UCS

†

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>Mailing Address: 191 North First Street, San Jose, CA 95113<br>Unless otherwise noted. | FOR COURT USE ONLY<br>FILED |
|---|---|
| ☑ DOWNTOWN COURTHOUSE<br>☐ LOS GATOS COURTHOUSE<br>☐ SOUTH COUNTY COURTHOUSE – 12425 Monterey Road, San Martin, CA 95046<br>☐ PALO ALTO COURTHOUSE – 270 Grant Avenue, Palo Alto, CA 94306<br>☐ TRAFFIC COURT<br>☐ HALL OF JUSTICE COURTHOUSE<br>☐ TERRAINE COURTHOUSE<br>☐ JUVENILE DELINQUENCY | 2007 APR 24  A 11: 20<br><br>Trang Vu |
| Plaintiff/Petitioner:<br>Gabriel Hernandez | |
| Defendant/Respondent:<br>County of Santa Clara "et al" | |
| **REQUEST FOR ACTION** | CASE NUMBER:<br>107CV082804 |

Date: April 19, 2007                    To Judge: Kevin McKenney

☐ For your review and instruction
☐ For your information
☑ Other: Plaintiff's fee waiver was denied on 04/03/2007. Ten days have passed and
no payment has been made. Please void the complaint filed on 03/29/2007, vacate
cmc hearing on 08/07/2007 and dismiss entire case for non-payment of filing fee.

Trang Vu

Legal Process Clerk                    Supervisor/Manager Wang Approval

## Order of Court

☐ File Stamp                              ☐ Schedule Hearing
☐ Place in File – No Action Required       ☒ Order(s) as Follows:

OK to void complaint and dismiss.

Dated: 4-20-07

Judge of the Superior Court
KEVIN E. McKENNEY

**REQUEST FOR ACTION**

CW-9003 REV 5/06

"ATTACHMENTS" (13-26) PGS.

#13

FILED

APR X 2 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL HERNANDEZ,

       Plaintiff,

   v.

SANTA CLARA COUNTY
SHERIFF'S DEPT.; et al.,

       Defendants.

_____/

No. C 06-6977 SI (pr)

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

**INTRODUCTION**

Gabriel Hernandez, formerly an inmate at the Santa Clara County Jail and now an inmate at the Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A. His motion for appointment of counsel and motion to order the defendants to reply also are before the court for consideration.

**BACKGROUND**

The complaint concerns events that occurred while Hernandez was housed at the Santa Clara County Jail. The complaint alleges the following:

On January 20, 2005, Hernandez was transported from the Elmwood facility to the Santa Clara County main jail. When he arrived, he was put in a holding cell for protective custody inmates. Shortly thereafter he "was picked, targeted and viciously attacked" by "an inmate (John Doe/attacker/rival enemy/sereneoe/'active gang member')." Complaint, p. 2.  Hernandez

United States District Court
For the Northern District of California

*#14*

1   sustained unidentified "serious painful injuries."  Id.  Correctional officers entered the cell and
2   removed the attacking inmate. Hernandez complained frequently and to many people (including
3   his public defender and other people at the courthouse when he was taken there) over the course
4   of the day that he needed medical attention. Despite his repeated demands for immediate care,
5   he did not receive medical attention until the next day. The medical attention that was provided
6   the day after the attack consisted of Motrin and ice packs from a nurse who examined him.  Id.
7   at 10.

8       Later on the day of the attack, he was removed from his cell to be shackled and returned
9   to the Elmwood facility.  A correctional officer brought by him the shackled inmate who earlier
10  had attacked him and they came within 4-5 feet of each other.  Hernandez moved away and
11  nothing happened.

12      Hernandez was harassed by a correctional officer on July 22, 2005.

13      Hernandez was subjected to an "assault and battery" by correctional officer Taylor at the
14  Elmwood facility on December 11, 2005.  Id. at 11.

15      Hernandez was "punished falsely and placed inside a single cell from December 11, 2005
16  through December 26, 2005."  Id. at 11.  He was treated with cruel and unusual punishment
17  during that time.

18

19                              **DISCUSSION**

20  A.   Standards

21      A federal court must engage in a preliminary screening of any case in which a prisoner
22  seeks redress from a governmental entity or officer or employee of a governmental entity.  See
23  28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims
24  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
25  monetary relief from a defendant who is immune from such relief.   See 28 U.S.C.
26  §1915A(b)(1),(2).  A claim that is incomprehensible may be dismissed as frivolous as it is
27  without an arguable basis in law.  See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).
28      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

*United States District Court*
*For the Northern District of California*

2

#/5

1   a right secured by the Constitution or laws of the United States was violated, and (2) that the

2   violation was committed by a person acting under the color of state law. See West v. Atkins,

3   487 U.S. 42, 48 (1988).

4

5   B.    Analysis Of Complaint

6          The complaint has several problems and must be amended.

7          First, Hernandez did not allege whether he was a pretrial detainee or was a convict at the

8   time of the incidents alleged in his complaint. His status matters because it affects the

9   constitutional provision under which his claims arise: a pretrial detainee's claims about

10  conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while

11  a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause.

12  Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth

13  Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d

14  977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for

15  pretrial detainees). The appropriate standard for evaluating constitutional claims brought by

16  pretrial detainees is the same one used to evaluate prisoners' claims under the Eighth

17  Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an

18  appropriate balance of the pretrial detainees' right to not be punished with the deference given

19  to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435,

20  1443 (9th Cir. 1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1074 (1992). See, e.g.,

21  Carnell, 74 F.3d at 979 (standard of deliberate indifference applicable to pretrial detainees'

22  medical claims); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.) (placement of

23  pretrial detainees in safety cells actionable under Due Process Clause only if prison officials act

24  with deliberate indifference), cert. denied, 516 U.S. 916 (1995). In his amended complaint,

25  Hernandez should identify his status at the relevant times.

26         Second, Hernandez apparently wants to hold jail officials liable for the beating he

27  received from another inmate but his complaint has no allegations indicating a basis to hold them

28  liable. Jailers are not absolute guarantors of inmate safety; the Constitution requires that they

United States District Court
For the Northern District of California

3

*# 16*

not act with deliberate indifference to a known risk of harm. For example, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to a prisoner by another prisoner, see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer, 511 U.S. at 837, 844. In his amended complaint, Hernandez may attempt to allege that jail officials knew of a risk of attack by the unknown inmate and acted with deliberate indifference to it.

Third, Hernandez appears to be dissatisfied with the response to his request for medical care but his complaint does not state a constitutional claim concerning that response. The complaint does not identify the injuries sustained and states that the treatment provided for the unidentified injuries the day after the attack consisted of Motrin and an ice pack. If that was all the care that was needed, it would not appear that the injuries were of an emergency nature such that same-day care was medically necessary. A one-day delay in medical care would not rise to the level of deliberate indifference to serious medical needs. To state a claim, the prisoner must show (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In his amended complaint, Hernandez may attempt to allege that jail officials knew of a serious medical need and acted with deliberate indifference to it.

Fourth, the allegations that Hernandez was subjected to verbal harassment do not show a constitutional violation. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

4

#17

1    amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard

2    not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.

3    1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v.

4    Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a

5    federally protected right"). The harassment claim is dismissed..

6        Fifth, Hernandez's allegation that he was subjected to an "assault and battery" by

7    correctional officer Taylor is conclusory and must be amended if he wants to attempt to state a

8    claim under § 1983. In evaluating an excessive force claim from a pretrial detainee, the same

9    standard apparently applies as for a claim from a prisoner. "[T]he core judicial inquiry is . . .

10   whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

11   and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also id. at 7

12   (court may evaluate the need for application of force, the relationship between that need and the

13   amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the

14   responsible officials, and any efforts made to temper the severity of a forceful response). The

15   "assault and battery" allegation is so devoid of detail that the court cannot determine whether it

16   states a § 1983 claim for excessive force. Hernandez may attempt to cure this in his amended

17   complaint.

18       Sixth, Hernandez states that he was put in a single cell for 15 days as punishment.

19   Liberally construed, that claim is cognizable as a due process violation. See Bell v. Wolfish, 441

20   U.S. 520, 535-37 (1979). However, his further allegation that he was treated by other

21   correctional officer with "cruel, unjust punishment" while on single-cell status is too conclusory

22   to state a § 1983 claim for relief against those persons, even if he could identify them.

23       Seventh, one page of Hernandez's form complaint has a listing of several claims that have

24   no connection to the rest of the complaint, e.g., claim for breach of contract, claim for "prisoner

25   forced to participate in biomedical or behavioral research," and interference with right to obtain

26   judicial review of legality of confinement. Complaint, p. 3. If Hernandez wants to pursue any

27   of those claims, he must allege them in much greater detail and link defendants to such claims

28   in his amended complaint.

#18

United States District Court
For the Northern District of California

1    Eighth, Hernandez has referred to several persons as John Doe defendants. It is

2  permissible to use Doe defendant designations to refer to defendants whose names are unknown

3  to plaintiff in the complaint and any amended complaint.[1] Although the use of Doe defendants

4  is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe

5  defendants creates its own problem: those persons cannot be served with process in this action

6  until they are identified by their real names. The court will not stall this action while plaintiff

7  tries to learn the name of the Doe defendant. Rather, plaintiff must promptly take steps to

8  discover the name of the unnamed defendant and provide that information to the court in an

9  amendment to his pleading. The burden remains on the plaintiff; the court will not undertake

10  to investigate the names and identities of unnamed defendants. If plaintiff has not provided a

11  true name and address for service on any John Doe defendant by **July 6, 2007**, the defendant will

12  be dismissed from the action without prejudice to plaintiff filing a separate action against him

13  if he ever learns his true identity and finds him.

14    Hernandez must file an amended complaint that sets forth "a short and plain statement

15  of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). For each

16  instance of a constitutional violation, he should name each person who violated his constitutional

17  right(s), describe what each person did to violate his right(s), state where the violation occurred,

18  and when the violation occurred.

19

20  C.    Pending Motions

21    Hernandez has filed a motion for appointment of counsel. A district court has discretion

22  under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in

23  exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

24  This requires evaluation of both the likelihood of success on the merits and the ability of the

25  plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See

26

27    [1]If a plaintiff alleges that multiple unknown people violated his constitutional rights, each
unknown person must be identified as a separate John Doe, e.g., John Doe #1, John Doe #2, etc.
28  so that eventually each John Doe defendant can be replaced by a separate person when his or her
true name becomes known.

#19

1  id. Neither of these factor is dispositive and both must be viewed together before deciding on
2  a request for counsel under section 1915(e)(1). Having considered both of these factors, the
3  court concludes that exceptional circumstances requiring the appointment of counsel are not
4  evident. The motion for appointment of counsel is DENIED. (Docket # 4.)

5      Hernandez filed a "motion for an order of the defendants to reply." The court does not
6  order the defendants to file an answer or motion unless and until the court has done an initial
7  review under 28 U.S.C. § 1915A and determines the plaintiff's pleading warrants a response.
8  Here, the court's § 1915A review resulted in the determination (expressed in this order) that
9  plaintiff needs to file an amended complaint, so the court will not consider ordering defendants
10 to file an answer or motion until the court reviews the amended complaint under § 1915A.
11 Accordingly, the motion for an order compelling defendants to reply is DENIED. (Docket # 5.)

12

13                              **CONCLUSION**

14      The complaint is DISMISSED with leave to amend. The amended complaint must be
15 filed no later than **May 11, 2007**. The amended complaint must include the caption and civil
16 case number used in this Order and the words AMENDED COMPLAINT on the first page.
17 Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and
18 will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
19 Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are
20 not alleged in the amended complaint.") Failure to timely file the amended complaint will result
21 in the defective claims.

22      The motions for an order requiring defendants to reply and for appointment of counsel
23 are DENIED. (Docket # 4 and # 5.)

24      IT IS SO ORDERED.
25 Dated: March 2, 2007

26                                        SUSAN ILLSTON
                                          United States District Judge
27

28

*United States District Court*
*For the Northern District of California*

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL HERNANDEZ,

Plaintiff,

v.

SANTA CLARA COUNTY et al,

Defendant.

_____/

Case Number: CV06-06977 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gabriel Hernandez F-16381
Kern Valley State Prison
C5-125
P.O. Box 5103
Delano, CA 93216-5103

Dated: April 3, 2007

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

"ATTACHMENTS" (13-26) PGS.



1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8    GABRIEL HERNANDEZ,                         No. C 06-6977 SI (pr)

9              Plaintiff,                        **ORDER OF SERVICE**

10         v.

11   SANTA CLARA COUNTY
     SHERIFF'S DEPT.; et al.,
12
               Defendants.
13   _____/

14

15         Gabriel Hernandez, currently an inmate at the Kern Valley State Prison, filed a pro se

16   civil rights action under 42 U.S.C. § 1983 concerning acts and omissions that occurred at the

17   Santa Clara County Jail when he was housed there in 2005. Upon initial review, the court

18   dismissed the complaint with leave to amend, giving specific guidance as to the deficiencies that

19   needed to be cured. Order of Dismissal With Leave To Amend, pp. 3-6. Hernandez did not file

20   an amended complaint by the deadline. After waiting several more months and receiving

21   nothing from Hernandez, the court then dismissed all the claims in the complaint except a due

22   process claim. Order Of Partial Dismissal And For Amendment, p. 1. As to the due process

23   claim, the court explained that Hernandez had to file an amendment to complaint to inform the

24   court whether he was a convict or pretrial detainee, as his status made a difference as to whether

25   the complaint stated a claim for a due process violation. Id at 2.

26         Hernandez then filed a declaration, a motion for leave to file an amended complaint, and

27   an amendment to complaint on January 14, 2008. He explained therein that he was a pretrial

28   detainee at the time of the acts and omissions alleged in the complaint. In his motion for leave

United States District Court
For the Northern District of California

#22

1   to file an amended complaint, Hernandez stated that he was prevented by prison staff at Kern
2   Valley from timely filing the amended complaint and that the staff at Kern Valley was harassing
3   him. It is unclear to the court whether the motion for leave to file an amended complaint
4   pertained to the amendment that he filed with the motion, or was a request to further amend. The
5   motion for leave to amend was unnecessary insofar as it requested permission to file the
6   amendment to the complaint because the court already had ordered Hernandez to file that
7   amendment. If, on the other hand, Hernandez meant that he wanted to further amend, his motion
8   was deficient because a proposed amended complaint was not submitted with the motion or in
9   the six months since the motion was filed.[1] Federal Rule of Civil Procedure 15(a) provides that
10  leave to amend "shall be freely given when justice so requires" but the court cannot make that
11  determination without seeing the proposed new pleading. See Lake v. Arnold, 232 F.3d 360,
12  374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate
13  the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its
14  discretion.") The motion for leave to amend is DENIED without prejudice.

15      As of now, the operative pleading is the complaint, as amended by the amendment to the
16  complaint. Hernandez has stated a claim for a due process violation based on his placement in
17  a single cell for 15 days as punishment when he was a pretrial detainee at the Elmwood facility
18  of the Santa Clara County jail. Hernandez alleged that he was put in a single cell from
19  December 11, 2005 through December 25, 2005 as punishment by Santa Clara County correction
20  officers Taylor and Hendericks. Complaint, p. 11; see Bell v. Wolfish, 441 U.S. 520, 535-37
21  (1979). Service of process will be ordered on these two defendants.

22

23

24

25  [1]If Hernandez wants to pursue claims about events at Kern Valley State Prison, he may
    file a complaint in the proper venue (i.e., the U.S. District Court for the Eastern District of
26  California) after he exhausts administrative remedies. Such claims would not be proper in this
    action because they would not satisfy the permissive joinder requirements of Federal Rule of
27  Civil Procedure 20. Hernandez also should bear in mind that, to establish a claim for any
    violation of the right of access to the courts, the prisoner-plaintiff must show that he suffered an
28  actual injury as discussed in Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

United States District Court
For the Northern District of California

2

#23

1    For the foregoing reasons,

2    1.    The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants
3    Taylor and Hendericks for a due process violation.   All other claims and defendants are
4    dismissed.

5    2.    The clerk shall issue summonses and the United States Marshal shall serve,
6    without prepayment of fees, the summons, a copy of the complaint and a copy of all the
7    documents in the case file upon defendants, all of whom allegedly are employed by the Santa
8    Clara County Department of Corrections and work at the Elmwood facility: (1) correction officer
9    Taylor and (2) correction officer Hendericks.

10    3.    In order to expedite the resolution of this case, the following briefing schedule for
11    dispositive motions is set:

12    a.    No later than **September 12, 2008**, defendants must file and serve a motion
13    for summary judgment or other dispositive motion.   If defendants are of the opinion that this
14.   case cannot be resolved by summary judgment, they must so inform the court prior to the date
15    the motion is due.

16    b.    Plaintiff's opposition to the summary judgment or other dispositive motion
17    must be filed with the court and served upon defendants no later than **October 24, 2008**.
18    Plaintiff must bear in mind the following notice and warning regarding summary judgment as
19    he prepares his opposition to any summary judgment motion:

20    The defendants may make a motion for summary judgment by which they
seek to have your case dismissed.  A motion for summary judgment under Rule
21    56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶]
Rule 56 tells you what you must do in order to oppose a motion for summary
22    judgment.  Generally, summary judgment must be granted when there is no
genuine issue of material fact -- that is, if there is no real dispute about any fact
23    that would affect the result of your case, the party who asked for summary
judgment is entitled to judgment as a matter of law, which will end your case.
24    When a party you are suing makes a motion for summary judgment that is
properly supported by declarations (or other sworn testimony), you cannot simply
25    rely on what your complaint says.  Instead, you must set out specific facts in
declarations, depositions, answers to interrogatories, or authenticated documents,
26    as provided in Rule 56(e), that contradict the facts shown in the defendants'
declarations and documents and show that there is a genuine issue of material fact
27    for trial.  If you do not submit your own evidence in opposition, summary
judgment, if appropriate, may be entered against you.  If summary judgment is
28    granted, your case will be dismissed and there will be no trial.  (See Rand v.

3

United States District Court
For the Northern District of California



1    Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

2        c.    If defendants wish to file a reply brief, the reply brief must be filed and
3    served no later than **November 7, 2008**.

4    4.    All communications by plaintiff with the court must be served on a defendant's
5    counsel by mailing a true copy of the document to defendant's counsel. The court may disregard
6    any document which a party files but fails to send a copy of to his opponent. Until a defendant's
7    counsel has been designated, plaintiff may mail a true copy of the document directly to
8    defendant, but once a defendant is represented by counsel, all documents must be mailed to
9    counsel rather than directly to that defendant.

10    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11    No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is
12    required before the parties may conduct discovery.

13    6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the
14    court informed of any change of address and must comply with the court's orders in a timely
15    fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
16    pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of
17    address in every pending case every time he is moved to a new facility.

18    7.    Plaintiff is cautioned that he must include the case name and case number for this
19    case on any document he submits to this court for consideration in this case.

20    8.    Plaintiff's motion to amend is DENIED. (Docket # 13.)

21    IT IS SO ORDERED.

22    Dated: July _1_, 2008

23                                          SUSAN ILLSTON
                                           United States District Judge

24

25

26

27

28

4



# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

GABRIEL HERNANDEZ,

Plaintiff,

v.

SANTA CLARA COUNTY et al,

Defendant.

_____/

Case Number: CV06-06977 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gabriel Hernandez F-16381
Kern Valley State Prison
C5-125
P.O. Box 5103
Delano, CA 93216-5103

Dated: July 2, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

#26

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

GABRIEL HERNANDEZ,

Plaintiff,

v.

SANTA CLARA COUNTY et al,

Defendant.

_____/

Case Number: CV06-06977 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gabriel Hernandez F-16381
Kern Valley State Prison
C5-125
P.O. Box 5103
Delano, CA 93216-5103

Dated: July 2, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

*Received 7.14.08*

RECEIVED

AUG 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Gabriel Hernandez,
JC1-231 KVSP
P.O. Box - 5103
Delano, Ca 93216

Kern Valley State Prison
Facility C, Building 1

TO: COURT CLERK OFFICE
450 GOLDEN GATE AVE. 16th Floor
San Francisco, Ca 94102

CONFIDENTIAL!

Kern Valley State Prison
Facility C, Building 1

$ 04.80°
AUG 20 2008
MAILED FROM ZIP CODE 93215

RECEIVED

AUG 2 5 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TO: COURT CLERK OFFICE

450 GOLDEN GATE AVE. 16TH FLOOR

SAN FRANCISCO CA 94102

te Prison
ilding 1

8-18-08



AUGUST 18, 2008

Clerk of the Court

UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF CALIFORNIA

450 Golden Gate Ave. 16th. Floor
San Francisco, Ca 94102

E-filing

SI

(PR)

Re: PETITION FOR WRIT OF
    HABEAS CORPUS

CV 08     4085

Dear Clerk:

I am incarcerated and do not have an attorney
to assist me with this paperwork. I am asking
for your assistance with these documents.
As of this very day I, am unable to provide the
month of 7.c.CE, trust account receipt, to complete
the "PRISONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS"
form. But I will forward immediately, upon obtaining the
receipt.

ENCLOSED PLEASE FIND:

            (1) One Original Copy of, Petition for writ
                Of habeas Corpus, and "Prisoner's application
                To proceed IN FORMA PAUPERIS".

Please file and return a receipt of received documents.
THANK YOU FOR YOUR ATTENTION TO THIS MATTER.

SINCERELY,

GABRIEL HERNANDEZ, F-16381 C-1-231 KVSP; P.O. Box 5103, Delano, Ca 93216