UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | No. C 08-4085 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Gabriel Hernandez, an inmate at the Kern Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Hernandez states in his petition that he was convicted in Santa Clara County Superior Court of one count of inflicting corporal injury upon the mother of his child and one count of false imprisonment. He also apparently was found to have suffered prior convictions. On February 1, 2006, he was sentenced to 25 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He may have filed one or more unsuccessful state habeas petitions. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition appears to assert five claims.[1] First, Hernandez claims that he was subjected to selective prosecution. His statement of the facts relating to this claim does not suggest any basis for a selective prosecution claim: he does not allege on what basis a "selection" was made to prosecute him, much less that such a selection was constitutionally impermissible. The decision whether to prosecute and what charges to bring generally rests entirely in the prosecutor's discretion, but this discretion is subject to constitutional constraints, such as that the prosecutorial decision may not violate equal protection by resting on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" See United States v. Armstrong, 517 U.S. 456, 464 (1996) (citation omitted). In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "'clear evidence to the contrary.'" Id. (citation omitted). Unsupported allegations of selective prosecution are not enough. See United States v. Davis, 36 F.3d 1424, 1433 (9th Cir. 1994), cert. denied, 513 U.S. 1171 (1995). A prosecutor's charging decision cannot be judicially reviewed absent a prima

---

[1] Petitioner uses a confusing alpha-numeric system to identify various attachments and exhibits to his petition, such that the court is uncertain that all the claims the court identifies in the petition are intended to be presented to this court. For example, his petition suggests that his claims are found on attachments A and B (see petition, pp. 3-4), but his petition also has attached to it a document labeled "'attachments' (1-4) pgs" that includes additional claims. In an abundance of caution, the court assumes Hernandez wants to have considered the claims in Attachments A and B as well as the latter document.

1 facie showing that it rested on an impermissible basis, such as gender, race or denial of a
2 constitutional right. See United States v. Diaz, 961 F.2d 1417, 1420 (9th Cir. 1992); United
3 States v. Redondo-Lemos, 955 F.2d 1296, 1302 (9th Cir. 1992) ("Redondo-Lemos I").  The
4 selective prosecution claim shows no impermissible selection and therefore is dismissed.

Second, Hernandez claims that his 25-to-life sentence that was imposed due to his prior convictions violated his rights under Blakely v. Washington, 542 U.S. 296 (2004). Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny (including the Blakely cased cited by Hernandez), extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000).  A sentence enhancement based on a prior conviction represents a narrow exception to the constitutional right to a jury determination of sentencing factors.  See Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998); Apprendi, 530 U.S. at 490. Hernandez did not have a right to a jury trial on the existence of prior convictions that were used to give him the Three Strikes sentence.  In any event, he waived his state law right to a jury trial on the prior convictions.  The Blakely claim concerning the deprivation of a jury trial is dismissed.

Third, Hernandez alleges that the evidence was insufficient to support the sentence enhancements based on the prior convictions. See Attachment B, p. 2.  His allegations are far from clear, but he appears to dispute that the assault convictions used as strikes qualified as strikes. Liberally construed, this appears to be cognizable as a due process claim for insufficient evidence to support the sentence enhancement finding.

Fourth, Hernandez alleges that his right to due process was violated because the jury instructions misstated the law with regard to the extent of the force he was entitled to use to eject someone from his property. See Petition, "'attachments' (1-4) pgs.," attachment # 1-2. Liberally construed, this claim is cognizable in a federal habeas proceeding. See Estelle v. McGuire, 502

U.S. 62, 71-72 (1991).

Fifth, Hernandez alleges that his right to due process was violated by the improper admission of a misdemeanor battery conviction. Petition, "'attachments' (1-4) pgs.," attachment # 3. Liberally construed, this due process claim is cognizable in a federal habeas proceeding. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999).

## CONCLUSION

For the foregoing reasons,

1.  The petition states cognizable claims for habeas relief and warrants a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **May 1, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 5, 2009**.

5.  Petitioner's in forma pauperis application is GRANTED. (Docket # 2, # 4.)

IT IS SO ORDERED.

DATED: February 26, 2009

_____
SUSAN ILLSTON
United States District Judge